United States District Court
Eastern District of Louisiana

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2016 JUN -2 P 4: 27

WILLIAM L. BLEVINS
CLERK

D'Juna M. Chandler, Plaintiff

vs

Advanced Neurodiagnostic & Sleep Centers

**16-8019**

**SECT. J MAG. 3**

## COMPLAINT

1) Jurisdiction

Title VII 42 USC 1981, ADA, State of Louisiana Civil Rights Act

2 Parties

Plaintiff - D'Juna M. Chandler

Defendant - Advanced Neurodiagnostic & Advanced Sleep Centers.

3 Complaint

I have been subjected to harassment by Dr. Shamsnia. He has been doing this since September 2015. He has spoken to me in a demeaning manner in front of co-workers. He has approached me in a threatening manner. I have constantly asked for assistance with my disabilities, with no response.

✓ Fee 400.00 pd.
Process.
X Dktd
CtRmDep
Doc. No.

4). Rel. et
#3DD, DDD

6/5/2016

D. Tina M. Chandler
4925 Yale St #G
Metairie, LA 70006
(504) 617-0031

1

Plaintiff began employment with Defendant on June 28, 2005 as a Billing Coordinator. In 2012, Kia Samani was hired as Office Manager, but Plaintiff still reported directly to Simin Mirtaheri in regards to the financials.

Dr. Shamsnia (who is a contracted physician through Tulane University and Hospital) began demanding to know what she was doing at all times, restricting her ability to effectively complete her job duties via phone and email, forbad that she have any contact with anyone outside of this facility unless she check with him first, constantly speaking to her in a demeaning manner in front of co-workers, and came to her office daily to monitor her because he said that he did not trust her. For example, she asked the owner and management not to reprimand me in front of co-workers due to her disability. The owner and management knew of the plaintiff's disability since April 2012. They knew because, as part of her employment requirements, she was ordered to see a social worker and provide proof of the appointments. Dr. Shamsnia would constantly scream inflammatory statements to the plaintiff and berate her, especially in front of co-workers. Around This would heighten her Anxiety and Stress level. Dr. Shamsnia began to yell, scream, and berate her in front of staff, patients, and other physicians, which was embarrassing and degrading. Dr. Shamsnia would always say that everything wrong with the company was the plaintiff's fault. He openly accused her unjustifiably of fraud. He stated that he did not trust the plaintiff. He then approached her in an aggressive manner by walking up in her personal area. He was standing and yelling at her nose to nose, where she felt threatened that she was going to be physically attacked. Although she walked away from him, he continued following her to her office yelling and screaming. He continued to accuse her of fraudulent activity. He has told Plaintiff how much trust he had in Amy (who is a white biller) but doesn't trust Plaintiff and needs to see her at all times. He has continuously piled other people's work upon the large workload that she had already

assigned to her position. He began giving extra orders and duties to the plaintiff around September 2016. Plaintiff asked Simin Mirtaheri and Kia Samani for assistance with this due to her disability of ADHD by not continuing to pile extra work on her. Because Dr. Shamsnia is the owner's husband and office manager's uncle, nothing was done to assist the Plaintiff with her requests for help. All requests were never responded to.

On January 8, 2016, management sent out an email stating that a mandatory staff meeting was scheduled. Prior to the staff meeting, Plaintiff was briefed on the issues to be discussed via phone with Simin Mirtaheri, the owner. All staff was there, and management asked Plaintiff to being the meeting with the new changes for 2016. Dr. Shamsnia showed up about 10 to 15 minutes into the meeting. He immediately began telling Plaintiff (in front of everyone) that everything she did was wrong. He rudely told her that she should just sit down and shut up because he was talking. Plaintiff asked Dr. Shamsnia not to reprimand her or speak to her in that manner in front of everyone. He stated that this was his business (which it is not), and he was going to do whatever he wanted. She got up and told Dr. Shamsnia that she was going to leave the meeting because my anxiety was high and that she did not want to be spoken to or about in such deplorable manner in front of her co-workers. He stated that, if she left, then do not come back on Monday.

On Monday, January 11, 2016, Plaintiff reported to work. After clocking in, Kia stated that she needed to go home until he spoke with Dr. Shamsnia. On Tuesday, Plaintiff went to see her physician because of the heightened level of Anxiety. Her primary care physician put her on work release until Monday, February 1, 2016. Plaintiff contacted the manager to make him aware of my status and to bring him my doctor's note on the same day of receipt. On Monday, January 18, 2016 Plaintiff spoke with the manager about returning to work after her medical leave was over. She was told by Kia Samani to wait until he talks to Dr. Shamsnia and Mrs. Simin to smooth

things over with Dr. Shamsnia first.  On the same day, Plaintiff spoke with Mrs. Simin.  She told the Plaintiff to relax and rest, and she would be talking to Kia about when Plaintiff returned to work.  Plaintiff contacted Kia on Wednesday, January 20, 2016 about work.  He stated that he still had not spoken with Dr. Shamsnia.  He stated that he would speak to Dr. Shamsnia to smooth things over then call the Plaintiff.  Plaintiff called Kia on January 25th and January 29th.  Each time Kia stated that he would call Plaintiff back with a returned answer.

On February 1, 2016, Plaintiff went to the EEOC office and filed a complaint with Investigator Amy Stiles.  She took Plaintiff's report and typed it up.  Plaintiff had to also sign an agreement to mediate and a confidentiality agreement.  Plaintiff asked Ms. Stiles when would the charges be received.  Ms. Stiles stated that ANC and ASC would receive the charges that same day.

On February 2, 2016, Plaintiff reported to work at 8:30am.  At about 9am, Dr. Shamsnia entered the building and began yelling that the Plaintiff needed to speak with Kia, the office manager.  Plaintiff explained to Dr. Shamsnia that Kia was not there, and that she was on the phone with a patient.  While on the phone, the Plaintiff attempted to access her email account.  Plaintiff contacted the IT person, John to see why she could not get in her emails.  John stated that at 6pm the day before…he received a call from the office to completely shut her email down.  At about 10am, Kia finally came to the office.  He asked Plaintiff to come to his office.  He also brought in the only other black co-employee into the meeting also.  Plaintiff thought that they were going to be talking about billing.  However, Kia told Plaintiff at that time that she was being terminated.

After leaving the office, Plaintiff called Ms. Stiles and informed her that she had been terminated.  She asked if Plaintiff could come to the office right away, which she did.  When Plaintiff arrived to the office, Ms. Stiles summoned for her supervisor.  Ms. Stiles asked when

4

ANC/ASC had received the charges.  It was determined that they received the EEOC charges on 2/1/16 at 5pm.  With those results, Ms. Stiles filed retaliation charges against ANC/ASC on 2/2/16.

EEOC Form 161 (11/09)            U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:    **D'Juna M. Chandler**
       **4925 Yale Street**
       **Apt # G**
       **Metairie, LA 70006**

From:  **New Orleans Field Office**
       **Hale Boggs Federal Building**
       **500 Poydras Street, Room 809**
       **New Orleans, LA 70130**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **461-2016-00599** | **Shwann D. Brignac,** **Acting Supervisory Investigator** | **(504) 595-2881** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
                 Keith T. Hill,
                 Director

MAR - 1 2016
(Date Mailed)

Enclosures(s)

cc:    **Kia Samani**
       **Office Manager**
       **ADVANCED NEURODIAGNOSTIC & ADVANCED**
       **SLEEP CENTERS**
       **2905 Kingman Street**
       **Metairie, LA 70006**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 461-2016-00599 |

| Louisiana Commission On Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. D'Juna M. Chandler** | **(504) 617-0031** | **05-10-1967** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4925 Yale Street, Apt # G, Metairie, LA 70006** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ADVANCED NEURODIAGNOSTIC & ADVANCED SLEEP CENTERS** | **15 - 100** | **(504) 885-3737** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2905 Kingman Street, Metairie, LA 70006** | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **11-01-2015**   Latest **01-08-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began my employment with the above named on June 28, 2005, most recently as a Billing Coordinator earning $16 hourly. I have been subjected to harassment by Dr. Shamnia. In November 2015, Dr. Shamnia stood nose to nose with me and yelled at me in front of employees and patients, accusing me of committing fraud. From December 8 to12, 2015, Dr. Shamnia had a construction worker move my office from the third floor to the second floor, stating the reason was because he "didn't trust me". My office was in such left in such disarray that it exacerbated my disability. White employees are allowed to be on their cells phones, make mistakes, and take time off, but I am not. Specifically, Amy Thomas (WF) is behind on her work and has never been reprimanded for it. I was given three boxes of Ms. Thomas' work to complete, on top of my own workload. On January 8, 2016, during a staff meeting Dr. Shamnia yelled at me saying that all my work is wrong and that I should just sit down. I have asked Dr. Shamnia to not reprimand me in front of others, because it exacerbates my disability, but he continuously yells at me in front of others. I left the staff meeting and returned to work on January 11, 2016. Kia Samani, office manager, told me that Dr. Shamnia said I could not return to work because I had left the meeting. Mr. Samani said that he would talk to Dr. Shamnia and would call me later that afternoon or evening. I never received a call. On January 12, 2016, I saw my personal physician to treat my disability and was given a work excuse till February 1, 2016. I called Mr. Samani on January 25 and 29, 2016. Each time Mr. Samani has stated that he would talk to Dr. Shamnia. To date I have not received a call.

No reason was given for the action taken against me.

I believe I have discriminated against because of my race, black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that white employees are not subjected to similar harassment. I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act Amendments Act of 2008, as amended, in that employees with no disability are not subjected to similar harassment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 01, 2016** _____  _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

✔EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  D'Juna M. Chandler
4925 Yale Street
Apt # G
Metairie, LA 70006

From:  **New Orleans Field Office**
**Hale Boggs Federal Building**
**500 Poydras Street, Room 809**
**New Orleans, LA 70130**

| | |
|---|---|
| ☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | Telephone No. |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **461-2016-00620** | **Shwann D. Brignac,** Acting Supervisory Investigator | **(504) 595-2881** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Keith T. Hill,
Director

MAR – 1 2016
*(Date Mailed)*

Enclosures(s)

cc:   **Kia Samani**
**Office Manager**
**ADVANCED NEURODIAGNOSTIC & ADVANCED**
**SLEEP CENTER**
**2905 Kingman Street**
**Metairie, LA 70006**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 461-2016-00620 |

|  | Louisiana Commission On Human Rights | and EEOC |
|---|---|---|
|  | *State or local Agency, if any* |  |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. D'Juna M. Chandler** | **(504) 617-0031** | **05-10-1967** |

Street Address                                    City, State and ZIP Code

**4925 Yale Street, Apt # G, Metairie, LA 70006**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ADVANCED NEURODIAGNOSTIC & ADVANCED SLEEP CENTERS** | **15 - 100** | **(504) 885-3737** |

Street Address                                    City, State and ZIP Code

**2905 Kingman Street,  Metairie, LA 70006**

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-02-2016**    Latest **02-02-2016**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the above named on June 28, 2005, most recently as a Billing Coordinator earning $16 hourly. I filed an EEOC Charge of Discrimination on February 1, 2016. I was scheduled to return from a leave of absence on February 2, 2016. On February 2, 2016, I arrived at work and was informed by Kia Samani, Office Manager, that I was being discharged.

According to Mr. Samani, I had unacceptable behavior and Dr. Shamsnia made the decision to discharge me.

I believe I have been retaliated against for filing EEOC Charge 461-2016-00599 in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 02, 2016**      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date |  |